all right last madam clerk number three Trevor Robbins counsel for appellant Sharon Robert Neal sorry Sharon Elizabeth Neal all right good morning I'm not gonna ask you whether you want to reserve any time for rebuttal because you're the only one here so please begin may please court thank you for granting me the opportunity to appear on behalf of my client Sharon Neal the appellant and a creditor in this matter I'm not a special specialist in bankruptcy law but I am familiar with its fundamentals and appreciate the chance to be present to present the issues that are in our view critically important to the case I've represented Sharon for many years in state court in connection with this debtor the subject property and my clients judgment lien since 2019 we've endured multiple bankruptcy filings by the debtor each of which were aimed at frustrating the enforcement of my clients judgment lien for a quick background this debtor is unfortunately someone who's learned how to manipulate and abuse the civil process she can afford an attorney but remains prosaic continues with unabated frivolous filings number of faceless motions follow state court appeals and bankruptcies she's filed over the past five years have been astounding why don't you just move to the issues which are at stake in this appeal rather than give us the history that you've just described sure fundamentally the debtor entered into a the debtor after confirmation of the chapter 13 bankruptcy plan entered into a state court stipulated judgment restoring her fee ownership in the property and also her mortgage and did not disclose that to the bankruptcy court trustee anybody even though that was an express provision of the plan and and and it was also but counsel the the mortgage had been disclosed in the schedules at the time the bankruptcy case was filed she owned property that was subject to the lien that the bank US Bank held or the the mortgagee held the mortgagee move for state relief mortgagee was granted state relief that resulted in a foreclosure that wiped out your clients lien it also took title from the debtor when she confirmed the plan the court didn't allow her to list the property because at that time she been foreclosed from the property but the debt was always disclosed when she entered into the stipulated judgment this wasn't a new debt this was an unknown property correct correct but there was there were provisions in the confirmation the plan was confirmed that required a new debt debtor couldn't incur a new debt without disclosure the court found that she'd made full disclosure well I think that there's a difference between getting to the point where you you anticipate a foreclosure you use a bankruptcy court acts and reliance on that foreclosure happening and and then a year later with no disclosure whatsoever reinstating that that and that lien did the bankruptcy court find that you violated that there was there was cause to take any action against her when when your client raised the issue I believe that's why we are here today that the bankruptcy court did not agree that that was a that was a it it didn't affect you because your client has an unsecured claim in the case which was allowed your client has no lien because it was foreclosed by the bank under a foreclosure action the court authorized so the fact that she signed on or made a stipulated judgment with the secured creditor didn't affect your client did it absolutely it it was a spam that was it was not in good faith it was it was a year or more delay was a multiple year delay I mean we've had a border for sale for over five years it certainly affect us and in just in what you just said what could you sell if you didn't have a lien that had been foreclosed during the bankruptcy case well under Oregon law stipulated judgment based on to restore property fee title and property based on not non notice of the council doesn't your remedy lie with the state court then in other words if you believe that the state court acted improperly you go back to the state court and say you couldn't remove my lien because we didn't get notice we didn't act in accordance with state law that's where your remedy is it isn't with the bankruptcy court is it I think it is I well I think that I think that there's definitely I mean we're definitely pursuing our remedies and court as well but I think that the decision to or the or the or the interpretation of that stipulated judgment in bankruptcy court as stripping away our lien is incorrect under under Oregon law flawed the trustee sale is void of an issue so it's it's not like we had this but counsel but counsel you had a state court judgment that was entered initially that foreclosed everyone including your client and the debtor and then there was a stipulated judgment entered by the state court the bankruptcy court is simply implementing what the state court has previously ordered isn't it well there have been there was a specific ruling from the bench ECF as memorialized in the ECF 146 explicitly prohibiting the debtor from using her plan or the bankruptcy process to deal with the property but she isn't the plan doesn't involve the property and the action that she took after the confirmation doesn't involve the plan the plan is just to make payments specific dollar figures over a specific period of time it doesn't involve the real property the creditor has no right to seek any relief in the bankruptcy case for any failure to make payments he's there's nothing in the plan that provides for payments the secured creditor there's nothing that's that's that is violative of the plan by virtue of what she entered into with the secured credit after confirmation is there well I think there is I think the court the bankruptcy the lower court should follow its own orders and so the provision that you're relying upon that she couldn't incurred new debt does it have any remedy that suggests that then that constitutes cause for dismissal of the case in that pram for plan provision well the specificity of this particular debtor this particular bankruptcy this particular situation was that the debtor was expressly not allowed to attempt to use the plan or bankruptcy to deal with the foreclosed property but she didn't did she she didn't use the bankruptcy court or the plan to deal with the property she dealt with the crudder outside of the plan and she's not violated the terms of the plan as far as we know to date has she she's made all the payments under the terms of the plan trustee hasn't filed a motion to dismiss for failure to make plan payments or delinquent payments I assume that that's correct that and yet it's all masked in pervasive persistent lies it's not like her her income is sufficiently low to be have waived fees in this court it's and I think more import I guess more importantly in the state court proceeding she's using the the confirmation the confirmed plan to describe our lien as having been foreclosed when in fact the foreclosure was void of an issue it's not just us foreclosure was void ab initio the bankruptcy court authorized the foreclosure to proceed when it granted stay really right but then a year later a year after the foreclosure sale the bank and the debtor in this bankruptcy entered into a stipulated order just just that not all the you mean if it's a if it's a year later how does that make the foreclosure void of an issue you know what I mean I mean if something's void up an issue it's because at the moment that it happens it had no effect you're talking you're telling us and I understand why your clients not happy I get that but if this was a year later how's that void anything up an issue well any substantial deviation so are the deviation on which that stipulated judgment was based on was a failure of the of the fee owner to receive notice of the grant grant order and but that was resolved by the people who had the power to resolve it right the debtor had the power to resolve that right you she was the feel it would say that it has the power to resolve her own you know her own lien and not that there is this mechanism where a bank and a you know get the debtor's name off well it didn't it didn't get friendly for it didn't get friendly for a year okay there's sort of a delayed friendliness concept here by the argument you're making it didn't happen for a year I mean I'm not sure where the ab initio part comes into this that's that's just that's just black-letter organ law about significant errors in notice it's not like it's not like a bank and a debtor can wait any amount I mean you can't wait any amount of time for our lien to be eliminated it seems like your argument that would be to like borrowers it seems like your argument is is that because of the defects in the foreclosure sale with respect to notice to the debtor that that means that the foreclosure sale was invalid as to everyone including junior lien holders is that right yes all right but again I judge again said it seems like that's an issue for the state court I don't see a basis to dismiss a bankruptcy case because that's your argument well so there's a couple rulings in the process of bankruptcy that prohibit this stipulated judgment anyway incurring new debt page nine of her plan incurring new credit right we and we understand we understand those arguments so I think we've got it and you're over your time is there anything that you want to say in closing oh it's it's an honor to appear here today thank you all right thank you very much the matter is submitted and that's the end of our calendar so we're adjourned thank you you
judges: Brand, Lafferty, and Gan